

Jacqueline Manzano
1951 Corvette Street
Las Vegas, Nevada 89142
702-788-0599
*Plaintiff in proper person*

2013 MAR 14  A 9: 48

# UNITED STATES DISTRICT COURT

# CLARK COUNTY, NEVADA

JACQUELINE MANZANO,

          **Plaintiff,**

    -vs-

UNITED RECOVERY SYSTEMS, LP,

          **Defendant(s).**

**CASE NO. 2:13-cv-00195-GMN-VCF**

**FIRST AMENDED COMPLAINT**

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, Jacqueline Manzano, in proper person, hereby sues Defendant, United Recovery Systems, LP. for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii), for violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq.;* (hereinafter "FDCPA") and  for violations of the Federal Fair Debt Collection practices Act (hereinafter "FFDCPA") N.R.S. .649 *et seq.* and claims the following;

## I.  INTRODUCTION

1. This is an action for damages and injunctive relief brought by Plaintiff  against Defendants for violations of the Telephone Consumer Protection Act (hereinafter "TCPA") Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii) and for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.;* (hereinafter "FDCPA") and for violations of the Federal Fair Debt Collection

2.  practices Act  N.R.S. .649 *et seq.* which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

3.   Plaintiff further alleges a claim for invasion of privacy ancillary to Defendant's collection efforts and of State law obligations brought as supplemental claims including, but not limited to, harassment.

4.  Plaintiff contends that the Collection Company Defendant has violated such laws by repeatedly harassing Plaintiff in attempts to collect a consumer debt from an individual  Party unrelated and unknown to Plaintiff,  through the use of an automated telephone dialing system with 'no caller ID" thereby availing itself the opportunity to remain an unknown caller.

5.  At all times relevant hereto Defendant and  its agents agreed amongst themselves and in combination with each other and various agents known and unknown as to each overt act to engage in unlawful actions for a common purpose, to wit, to perpetrate a fraud against Plaintiff with reckless disregard while it was engaged   in intentional and   improper   conduct.

## II.   JURISDICTION AND VENUE

6.  Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3), and supplemental jurisdiction exists for the State law claims pursuant to 28 U.S.C. §1367.

7.  This court has jurisdiction because Plaintiff resides here, the acts complained of herein occurred here, and Defendant conducts business here.

8.  This court has jurisdiction because the Defendants violated NRS §649.375 because the defendant reached into Clark County availing itself of the protection of the laws of Clark County Nevada and the defendants acts in this County gave rise to the causes of action asserted herein.

9.  This court has jurisdiction according to NRS §649.375 because defendant engages in business in this State, to wit, debt collection and  its business in this State gives rise to the causes of action asserted herein.

10. This court has jurisdiction over defendant pursuant to NRS §649.375 because the defendant caused injury to a person within the State of Nevada, to wit, while it was

2

engaged in service activities, to wit, in debt collection within the State of Nevada.

11. This court has jurisdiction over defendant pursuant to NRS §649.375 because the defendant carries on business in the State of Nevada and Defendant has violated the TCPA and FDCPA, and defendant has violated the acts by continuously attempting to collect a consumer debt by repeatedly calling Plaintiffs cellular phone causing recurring charges to the Plaintiffs cellular phone.

12. This court has jurisdiction because Defendants conduct business in the State of Nevada and committed the acts that form the basis for this suit, to wit, the collection of a consumer debt by use of the telephone with the intent to cause effects in the County of Clark, State of Nevada, this Court has personal jurisdiction over the Defendant(s) for purposes of this action.

13. Venue is proper in the District of Clark County, Nevada because the acts of Defendant give rise to the causes of action that took place within this County particularly by placing automated calls that were made and connected to Clark County, and the communications in question are all related to consumer debt.

14. Venue is proper in this District pursuant to 28 U.S.C. §1391b, in that the Plaintiff resides here, the Defendants transact business here, to wit, the collection of consumer debt, and the conduct complained of occurred here.

15. The conditions precedent to the filing of this action had been performed.

## III.   PARTIES

16. Plaintiff, Jacqueline Manzano, is a natural person and is a resident of Clark County, State of Nevada.

17. Defendant, United Recovery Systems, LP, (hereinafter "**URS**") is a foreign corporation, with a business address located at; 5800 N. course Dr., Houston, TX 77072.

18. URS is a debt collecting corporation engaged in the business of collecting consumer debts by use of the mails and telephone, and URS regularly attempts to collect consumer debts alleged to be due another.

19. URS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) attempting to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

20. Discovery of the FDCPA violations brought forth herein occurred within one year and said violations are within the statute of limitations as defined in the Fair Debt Collection Practices Act, FDCPA, 15 U.S.C. § 1692 *et seq.*

21. Discovery of the TCPA violations brought forth herein occurred within the statute of limitations as defined in the Telephone Consumer Protection Act, TCPA 47 U.S.C. §227 *et seq.*

## IV.  FACTUAL ALLEGATIONS

22. On or about November of 2012 Manzano began receiving multiple automated prerecorded calls from the unknown entity, URS. Therefore, the TCPA violations are within the statute of limitations as defined by 28 U.S.C. §1658(a).

23. Manzano has no established business relationship with URS in any capacity and the statute prohibits placing a call that uses an artificial or prerecorded voice to a person's cellular phone without the prior consent of the called party.

24. URS has demonstrated willful and knowing non-compliance with 47 U.S.C. §227(b)(1)(A) as Manzano received multiple calls from URS using an automatic telephone dialing system (ATDS) with prerecorded messages from URS, each call failed to release Manzano's telephone line within 5 seconds following the prerecorded message.

25. Upon information and belief URS placed multiple calls to Manzano's cell phone, "No caller ID," in an attempt to collect a consumer debt and repeatedly invaded the privacy of Manzano by the use of eight (8) different phone numbers, (**EXHIBIT I attached hereto**) to her emergency cellular phone number 702-588-8241, without identifying the call causing recurring charges and financial loss to Manzano.

26. The automated and prerecorded calls URS placed to Manzano's cell phone were "automated voice prompts" directed to an individual party unrelated and unknown to her and repeatedly invaded the privacy of Manzano, this intrusion violated her civil rights, violating Federal and State law, and caused her financial loss.

27. Manzano attempted, in good faith, to mitigate and resolve with URS prior to the filing of this action. However, her good faith efforts to mitigate and resolve, were to no avail, as URS adamantly denies liability and is unwilling to resolve without court intervention, leaving Manzano no choice but to file this action with the US District Court.

28. URS failed in its duties and legal obligations to comply with the FDCPA §1692 et seq. and the NV FFDCPA as defined in N.R.S. 649.370, 649.375.

29. Upon information and belief URS utilizes an vendor service to identify whether the number it calls is a wireless number, also encompassing a massive data base of autodialers, using a wide range of different phone numbers with "no caller ID," for the purpose of transparency to the called party. In reckless disregard of the privacy rights of the person who answers the call. All in an effort to collect an alleged consumer debt.

30. Upon information and belief, URS actually had a "high degree of awareness" and acted voluntarily, URS is, at the very least, a foreign corporation, and a "debt collector" prior to, during and after contacting Manzano by phone, using an automated dialing system for the purpose to collect an alleged consumer debt and therefore is liable for damages for violations of the FDCPA, the FFDCPA and the TCPA as described in the following causes of action.

## V. FIRST COUNT
## VIOLATIONS OF THE TELEPHONE CONSUMER
## PROTECTIONS ACT 47 U.S.C. §§ 227 *et seq.*

31. Plaintiff incorporates all preceding paragraphs as fully set forth herein.

32. Defendant, URS is an unknown entity, is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) attempting to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

33. URS' violations include but are not limited to the following;

34. URS' violations of the TCPA has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call Manzano's  number, which is assigned to a cellular telephone service.

35. URS placed multiple calls to Manzano' cell phone in an attempt to collect a consumer debt from an individual Party unknown to her and repeatedly, willfully and intentionally invaded the privacy of Manzano by using eight (8) different phone numbers to place calls to her emergency cellular number.

36. No established business relationship exists between URS and Manzano within the meaning of 47 U.S.C. §227, nor has she ever given URS permission to call her cell phone, as a result URS' actions were willful in violation of 47 U.S.C. §227(b)(1)(A).

37. Upon information and belief, URS actually had a "high degree of awareness" and acted voluntarily and at the very least, knew or should have known that placing multiple calls using an automated dialing system to Manzano's cellular phone, is a violation of federal law.

38. As a result of breaching its duties and legal obligations, Defendant's repeated telephone calls using an automatic dialing system without prior express consent are willful within the meaning of 47 U.S.C. §227(b)(3).

39. The statute prohibits placing a call that uses an artificial or prerecorded voice to a person's cell phone without the prior consent of the called party, and URS was negligent for failing to properly investigate the phone records to ensure the number they were calling was accurate and assigned to the intended called party.

40. On various dates and times URS placed calls to Manzano' cell phone, using a variety of phone numbers, ( **Exhibit I** attached hereto), thereby demonstrating willful and knowing deceptive behavior because, the multiple calls were not for an emergency purpose nor in accordance with 47 U.S.C. §227(b)(1)(A).

41. URS' deliberate actions in this matter portrays extremely threatening and agregious behavior against the least sophisticated consumer, much less the wrong party, as URS is a foreign and unknown entity to Manzano and she has never voluntarily given express consent to URS to call her cellular phone, as defined by 47 U.S.C. §227(b)(1)(A).

42. Each call placed by URS to Manzano cell phone is a direct violation of 47 U.S.C. §227(b)(1) of the TCPA, because Manzano is not the intended party that URS was attempting to reach.

43. URS's aforementioned violations of the TCPA, FDCPA and UDTPA also constitute an invasion of Manzano' right to privacy, causing injury to her to the point of mental anguish, distress, frustration and financial loss.

**WHEREFORE,** Plaintiff respectfully prays that this court enter judgment for treble damages against URS for its violations of the TCPA, for actual and statutory damages, any punitive damages, costs incurred and attorney's fees, should Plaintiff need to retain counsel for trial of this case.

## VI. SECOND COUNT
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 c(a)(1), §1692e, §1692f, §1692 f(5), §1692d, §1692 d(5) and §1692 d(6)

44. Plaintiff incorporates all preceding paragraphs as fully set forth herein.

45. Plaintiff is an individual and a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).

46. URS is an unknown entity and "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) attempting to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

47. Discovery of the FDCPA violations brought forth herein occurred within one year and said violations are within the statute of limitations as defined in the Fair Debt Collection Practices Act, FDCPA, 15 U.S.C. § 1692 et seq.

48. URS's violations include but are not limited to the following;

49. URS willfully violated 15 U.S.C.§1692e by making false and misleading representations in their automated prerecorded calls to Plaintiff, in connection with its attempt to collect a consumer debt directed to the wrong party, using an artificial recording instructing Manzano, via a voice prompt, to press a number on the key pad, thereby causing her to incur charges to her cell phone at her own expense.

50. URS violated 15 U.S.C. §1692f by willfully and negligently using unfair and unconscionable means to collect a consumer debt, by repeatedly placing automated prerecorded calls to Plaintiff's cell phone, using eight (8) different phone numbers, causing her to answer the phone with the belief that it could be an emergency, thereby harassing and confusing the Plaintiff to the point of frustration.

51. URS willfully violated 15 U.S.C. §1692f(5) by willfully and negligently using eight (8) different phone numbers to call Plaintiff's emergency cell phone with reckless disregard of the multiple charges and financial loss to the Manzano.

52. URS violated 15 USC §1692d and §1692 d(5) of the FDCPA, by causing Manzano' cell phone to ring repeatedly using an automated prerecorded voice message., with intent to annoy, harass and abuse the called party.

53. URS violated 15 USC §1692 d(6) by placing multiple calls to Plaintiffs cell phone

54. using an automated prerecorded voice without disclosing the callers identity, the

55. consequences of the URS' conduct did in fact harass, oppress and abuse Manzano

**56.** URS's aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Manzano's life, conducted in a manner highly offensive to a reasonable person.  With respect to these activities of URS, Manzano had a subjective expectation of privacy and peaceful rest that was objectively reasonable under the circumstances. Because each time URS called Manzano emergency cellular number she was forced to pick up and answer the phone believing it was an emergency call from her sibling.

   **WHEREFORE**, Plaintiff demands judgment for damages against URS's reckless and unconscionable behavior, for actual and statutory violations of the FDCPA, all costs incurred, any punitive damages and  attorney's fees, should Plaintiff find it necessary retain counsel for trial of this case.


### VII. COUNT THREE
### VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT
### N.R.S. 649.370, 649.375 and 15 U.S.C. §§ 1682 *et seq*

**57.** Plaintiff incorporates all preceding paragraphs as fully set forth herein.

**58.** URS is an unknown entity and a "debt collection agency" as defined by the NRS 649.020 attempting to collect a "claim" as defined by NRS 649.010.

**59.** A violation of any provision of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1682 et seq., or any regulation adopted pursuant thereto, shall be deemed to be a violation of this chapter. (Added to NRS by 2007, 2500).

**60.** URS' violations of the NV Federal Fair Debt Collection Practices Act, (hereinafter "FFDCPA") include but are not limited to the following;

**61.** URS violated the FFDCPA, NRS 649.370 by using an automated telephone device consisting of eight (8) different phone numbers to place multiple calls to Manzano' cellular phone without identifying the caller, thereby availing itself the opportunity to remain an unknown caller which is an unfair and deceptive practice, to wit, willfully and intentionally misleading, annoying and frustrating Manzano, a senior citizen.

**62.** URS violated the FFDCPA, NRS 649.370 by using an automated telephone device consisting of eight (8) different phone numbers to place multiple calls to Manzano' cellular phone without identifying the caller, in an attempt to reach Party unrelated

and unknown to her, resulting in recurring charges to her cellular phone at the expense of Manzano, thereby demonstrating willful and intentional non-compliance with the act because, NRS 649.375 specifically prohibits a collection agency, or its manager, agents or employees to use any device, pretense or deceptive means or representations to collect any debt.

63. URS violated NRS 649.375 by using an automated telephone device in an attempt to reach another Party unrelated and unknown to Manzano, without first taking proper measures to insure the phone number they were calling was assigned to the correct called  party, in reckless disregard of Manzano' right to privacy.

**WHEREFORE**, Plaintiff prays for judgment against Defendant, for actual, statutory damages, any punitive damages, costs incurred and attorney's fees should Plaintiff find it necessary to retain counsel for trial of this case.

## VIII. COUNT FOUR
## (COMMON LAW INVASION OF PRIVACY BY INTRUSION)

64. Plaintiff incorporates all preceding paragraphs as fully set forth herein.

65. As a direct and proximate cause of the acts described above, Plaintiff has sustained and suffered damages.

66. The Defendant's conduct as alleged herein was willful, intentional, oppressive, fraudulent, malicious, and done in reckless disregard of the safety rights of Plaintiff, thereby warranting the imposition of punitive damages to be determined by this honorable court.

67. In the event Plaintiff has to retain the services of legal counsel, Plaintiff is entitled to an award of reasonable attorneys' fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, on all counts complained of herein, to the fullest extent of the law.

9

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted:                                   Dated this _14th_ day of March, 2013

By, 

Jacqueline Manzano
1951 Corvette St.
Las Vegas, Nevada 89142
702-788-0599
*Plaintiff in proper person*

**VERIFICATION**

I am over the age of 18 and competent to certify that the above Statements are true, correct, complete and not misleading, to the best of my knowledge, except those Statements that are based upon information and belief. I understand that a false Statement in this Verified Complaint may subject me to penalties of perjury.

Respectfully submitted:                    Dated this _14th_ day of March, 2013

                                            By _____
                                               Jacqueline Manzano
                                               1951 Corvette St.
                                               Las Vegas, Nevada 89142
                                               702-788-0599
                                               *Plaintiff in proper person*

# EXHIBIT I
# (PHONE NUMBER LIST)

*Unknown foreign entity:* **UNITED RECOVERY SYSTEMS, INC** uses the following phone numbers: **866-815-8808, 866-815-3211, 866-891-6939, 866-891-6937,**

**866-891-6934, 888-733-1288, 888-733-1270, 888-763-2427** and **800-662-1877**

Manzano received automated calls on the following dates and times:

1. Monday, , Dec. 10, 2012,  12:23 pm I received a call from 866-815-8808…..**United Recovery Systems**
2. Tuesday,  Dec. 11, 2012 at 12:52 pm I received a call from 888-733-1288…..**United Recovery Systems**
3. ███████████████████████████
   ████████████████
4. Wednesday Dec. 12,  at 12:44 pm , I received a call from 888-763-2427…..**United Recovery Systems**
5. Friday Dec. 14, 2012 at 12:05 pm , I received a call from 888-763-3211…..**United Recovery Systems**
6. Monday Dec. 17, 2012 at 12:51 pm , I received a call from 866-891-6939…..**United Recovery Systems**
7. Tuesday Dec. 18, 2012 at 1:08 pm , I received a call from 866-891-6637…..**United Recovery Systems**
8. Thursday Dec. 20,  @ 1:41 pm, I received a call from 888-733-1288…..**also United Recovery**
9. Friday Dec. 21st,  @ 1:32 pm, I received a call from 866-8916934…..**also United Recovery**
10. Saturday Dec. 22,  @ 9:51 am, I received a call from 888-733-1270…..**also United Recovery**
11. Wednesday Dec. 26, @ 2:32 pm, I received a call from 888-733-1288…..**also United Recovery**
12. Wednesday Dec. 26, @ 12:58 pm, I received a call from 800-662-1877…..**also United Recovery**